# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| VERONICA ARTEAGA, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>   vs.<br><br>AMSHER COLLECTION SERVICES, INC.,<br><br>   Defendant. | Case No.: 16-cv-9<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Veronica Arteaga is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, specifically, an alleged cell phone service account.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from consumer credit transactions that included agreements to defer payment, namely an alleged cell phone account.

6. Defendant Amsher Collection Services, Inc. ("Amsher") is a foreign corporation with its principal place of business located at 600 Beacon Parkway West, Suite 300, Birmingham, AL 35209.

7. Amsher is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Amsher is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Amsher is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

9. On or about January 23, 2015, Plaintiff received a debt collection letter from Amsher. A copy of this letter is attached to this complaint as Exhibit A.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. The letter Defendant sent to Plaintiff (Exhibit A) includes the text: "This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org."

12. The above language on a collection letter is a representation that the debt collector holds a Wisconsin Collection Agency License, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74.

13. Amsher does not, in fact, hold a Wisconsin Collection Agency License.

2

14. Amsher is not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency.

15. Amsher was not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency at the time Exhibit A was sent to Plaintiff.

16. Amsher is not listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA (visited January 4, 2016).

17. A representative of the Division of Banking confirmed to Plaintiff's counsel over the telephone that Amsher did not hold a Wisconsin collection agency license on the date that Exhibit A was mailed.

18. A false statement about a debt collector's licensing status is a material false statement. "It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt." *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006); *Seeger v. Aid Assocs.*, 2007 U.S. Dist. LEXIS 22824 at *13, 2007 WL 1029528 (E.D. Wis. Mar. 29, 2007) ("this court believes that the false statement used by Plaza that it was licensed by the state of Wisconsin, is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA.")

**COUNT I – FDCPA**

19. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

20. Exhibit A falsely states that: "This collection agency is licensed by the Division of Banking" for the State of Wisconsin.

21. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. 15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

23. 15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

24. Defendant violated 15 U.S.C. §§ 1692e, 1692e(1) and 1692e(9) by falsely informing consumers that Amsher was licensed by the State of Wisconsin's Division of Banking.

## COUNT II – WCA

25. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

26. The alleged underlying transactions, i.e. an alleged cell phone service account debt, was a consumer credit transaction or consumer transaction with an agreement to defer payment. Plaintiff's cellular service contract with T-MOBILE was for services, specifically T-MOBILE cellular phone services, and involved agreements to render services and defer payment, under which finance charges, including but not limited to early termination fees, were or could be imposed, and which obligation was payable in installments. Such agreements are "consumer credit transactions" under the WCA, Wis. Stat. §§ 421-427.

27. Wis. Stat. § 427.104(1)(k) specifically prohibits a debt collector from using "a communication which simulates legal or judicial process or which gives the appearance of being

4

authorized, issued or approved by a government, governmental agency or attorney−at−law when it is not."

28.     By using a letter which falsely represented Amsher's licensing status in <u>Exhibit A</u>, Defendant used a communication which gave the appearance of being authorized or approved by a governmental agency (the Division of Banking).

29.     Defendant violated Wis. Stat. § 427.104(1)(k).

## **CLASS ALLEGATIONS**

30.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Amsher, (c) stating that Amsher is licensed by the Division of Banking in Wisconsin, (d) seeking to collect a debt for personal, family or household purposes, (e) on or after January 4, 2015, (f) that was not returned by the postal service.

31.     The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

32.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and/or the WCA.

33.     Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

34.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

35.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

5

## JURY DEMAND

36.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  January 4, 2016.

**ADEMI & O'REILLY, LLP**

By:     /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com